## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| THE PROPRIETORS, STRATA PLAN NO. 36, a foreign corporation,    ) ) ) | |
| Plaintiff,     ) ) | |
| v.     ) ) | Civil Action No. |
| REEF RESIDENCES RESORT MANAGEMENT, LTD, a foreign limited liability company,     ) ) ) ) | |
| Defendant.     ) | |

### COMPLAINT

Plaintiff The Proprietors, Strata Plan No. 36 ("Strata" or "Plaintiff") for its complaint against Defendant Reef Residences Resort management, LTD ("Reef Residences" or "Defendant") and its appeal of the decision of the Trademark Trial and Appeal Board under 15 U.S.C. §1071(b)(1), alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Strata is a corporation organized and existing under the laws of Turks and Caicos with its principal place of business in Providenciales, Turks and Caicos Island, British West Indies.

2.      Reef Residences is a limited liability company existing under the laws of Turks and Caicos with its principle place of business in Providenciales, Turks and Caicos Island, British West Indies

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 21(b) of the U.S. Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1071(b), which provides that a party dissatisfied with a final decision of the Trademark Trial and Appeal

Board ("TTAB") may institute a new civil action in a Federal District Court challenging such decision.

4.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and declaratory judgment jurisdiction pursuant to 28 U.S.C. § 2201.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(A).

## FACTUAL BACKGROUND

6.     Coral Gardens is a condominium resort located in the Turks and Caicos Islands, British West Indies (the "Coral Gardens Resort").

7.     Defendant, Reef Residences, which was previously known as Coral Gardens Resort Management, Ltd. and before that was known as White House Condominium Management Ltd., was the original developer of the Coral Gardens Resort.

8.     As the developer, Defendant originally owned all of the property contained within the Coral Gardens Resort.

9.     As Defendant sold individual condominiums to third parties, those third parties became percentage owners in the Coral Gardens Resort ("Resort Owners").

10.     Defendant founded Strata as a corporation to allow the Resort Owners to manage and own the Coral Garden Resort common property for the benefit of the Resort Owners.

11.     When first founded, Defendant, as the developer and largest percentage owner in Strata, managed Strata for its own benefit.

12.     Due to its sales of individual condominiums to the Resort Owners, Defendant is no longer a percentage owner of the Coral Gardens Resort or of Strata.

13.     Instead, each of the Resort Owners own a percentage of Plaintiff Strata, and now are the sole managers of Strata.

14. Strata is a statutory body corporate, which has all the powers, rights, and duties of a company.

15. Strata is governed by its By-Laws, which have been amended from time-to-time (the "By-Laws").

16. Pursuant to its By-Laws, Strata is governed by an Executive Committee elected by the Resort Owners. *See* Coral Gardens By-Laws of Proprietors of Strata Plan No. 36, attached hereto as **Exhibit A**.

17. The By-Laws authorize Strata, through its Executive Committee, to control, manage, and administer the common property associated with the Coral Gardens Resort.

18. In addition to operating and managing the Coral Gardens Resort on behalf of the Resort Owners and Resort Owner's customers, Strata's By-Laws permit Strata to own trademarks and service marks, including the mark "CORAL GARDENS" (the "CORAL GARDENS Mark").

19. On March 15, 2005, Jay Goldstein, a condominium owner at the Coral Gardens Resort and owner in Strata, applied on behalf of Strata to register the CORAL GARDENS Mark in the Turks and Caicos Islands under Trade Marks Ordinance Chapter 17.04 §§ 56, 59 and 60 for use in connection with condominium complexes in Class 042.

20. On August 14, 2007, the Registrar of Trade Marks for the Turks and Caicos Islands registered Plaintiff's CORAL GARDENS Mark as Certificate of Registration No. 13,879 (the "Turks and Caicos Registration").

21. Thereafter, Reef Residences challenged Strata's Turks and Caicos Registration in the courts of the Turks and Caicos Islands.

22.     On August 14, 2007, the Court of Appeals of the Turks and Caicos Islands held that the CORAL GARDENS Mark and Turks and Caicos Registration belonged to Strata, and rejected Reef Residence's argument that Strata could not own the mark.

23.     Upon information and belief, Plaintiff's Turks and Caicos Registration is still valid and subsisting.

24.     Strata advertises its lodging and resort management services worldwide, including to U.S. Citizens in a variety of medium, including, but not limited to <www.coralgardensatgracebay.com>, <www.facebook.com>, <www.tripadvisor.com>, <www.expedia.com>, <www.hotels.com>, and <www.orbitz.com>.

25.     In addition, a number of the Resort Owners are U.S. citizens.

26.     Furthermore, U.S. citizens account for the largest percentage of consumers who rent condominiums through Strata for vacation or otherwise.

27.     Because of its original control of Strata, Defendant originally used the CORAL GARDENS Mark; however, that use was for the benefit of Strata, and Strata is the owner of the CORAL GARDENS Mark.

28.     Even though the CORAL GARDENS Mark belongs to Strata, Defendant continued to use the CORAL GARDENS Mark even after it was no longer a percentage owner in Strata.

29.     Upon information and believe, Defendant is using the domain <www.coralgardens.com> ("Infringing Domain") and the CORAL GARDENS Mark on the Infringing Domain, to promote and market lodging services worldwide, including to U.S. consumers.

30.     Brian J. Rayment ("Raymant") is an attorney licensed to practice in the State of Oklahoma who has represented Strata in relation to the CORAL GARDENS Mark and claims related to the Infringing Domain.

31.     Beginning in January 2008, Strata authorized Rayment on numerous occasions to take legal action necessary to pursue recovery of the Infringing Domain, including the filing of a United States trademark application in the name of Strata for the CORAL GARDENS Mark.

32.     The Strata has also ratified its prior approvals of the filing of the U.S. Trademark for the CORAL GARDENS Mark on behalf of Strata.

33.     On or about January 31, 2008, the Executive Committee of Plaintiff Strata authorized Rayment to act as counsel for it in pursuing its claims against Reef Residences related to the Infringing Domain, including a U.S. trademark application for the CORAL GARDENS mark based upon its registered Turks and Caicos Island trademark.

34.     Strata's Executive Committee specifically understood that Rayment was going to file the Application for the CORAL GARDENS Mark on behalf of Strata prior to filing the action to secure the Infringing Domain.

35.     On or about March 15, 2009, the Executive Committee of Plaintiff Strata again authorized "Rayment to take any legal action deemed necessary" to insure that the Infringing Domain and the CORAL GARDENS Mark remain the exclusive property of Strata.

36.     The owners of Strata voted to ratify Rayment's action at the November 5, 2014, Annual General Meeting.

37.     On March 26, 2015, Strata's Executive Committee ratified by majority vote Rayment's authorization to take any legal action necessary to pursue recovery of the Infringing Domain, including filing a U.S. trademark application for the CORAL GARDENS Mark.

38.     On April 21, 2008, Strata filed a U.S. trademark application for the CORAL GARDENS Mark with the United States Patent and Trademark Office ("USPTO").

39.     As the basis for registration under Section 44(e), Plaintiff relied upon its Turks and Caicos Islands Registration No. 13,879, a certified copy of which was submitted with the TEAS Plus electronic filing.

40.     The Application was signed by Rayment, an attorney having actual or implied power of attorney from Strata.

41.     The Application for Strata's CORAL GARDENS Mark matured to registration on December 16, 2008, and the Registration was assigned No. 3,546,491 (the "U.S. Registration"). See Certificate of Registration, attached hereto as **Exhibit B**.

42.     At least since that time, Strata has used, continues to use, and has no intention to discontinue use of its CORAL GARDENS Mark in commerce in connection with real estate management of condominium complexes and with providing temporary lodging services in the nature of a condominium hotel complex, including use in the U.S.

43.     Since about 2011, pursuant to a management agreement with Strata ("Management Agreement"), Seagate Management Co. ("Seagate Management") was the licensee of Strata's CORAL GARDENS Mark, and operated and managed Plaintiff's real estate management and temporary lodging services using the CORAL GARDENS Mark under Strata's direction and control.

44.     Stata's website <coralgardensatgracebay> was registered and maintained by Seagate Management in accordance with the Management Agreement with Strata, which licensed such use.

45. On behalf of Strata, Seagate Management also took out online advertising with industry travel business listings, booking agents and wholesalers, *e.g.*, book-it.com, Expedia TripAdvisor, hotelbeds.com, My Boutique Travel.

46. In addition to online advertising, Seagate Management had various types of "swag", *e.g.*, playing cards, pens, shirts, with the CORAL GARDENS Mark thereon to promote Strata's real estate management and lodging services at various international trade shows.

47. On December 4, 2013, Strata commenced an *in rem* action against Defendant in the United States District Court for the District of Illinois, seeking the "coralgardens.com" domain name. That action is pending at this time but was stayed pending resolution of the cancellation proceeding with the TTAB, as further described below.

48. On December 21, 2013, Strata timely filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 with the USPTO through the TEAS electronic filing system.

49. Strata was continuously using its CORAL GARDENS Mark in commerce in connection with all of the services identified in the Registration at the time that the Combined Sections 8 & 15 Declaration was filed.

50. The Combined Sections 8 & 15 Declaration was signed by Rayment, again acting as an attorney with an actual or implied power of attorney from Strata.

51. As part of its Combined Sections 8 & 15 Declaration, Strata in good faith submitted a specimen showing the CORAL GARDENS Mark used on or in connection with all of the services listed in the Registration. The specimen was submitted through TEAS and consisted of a screenshot of Plaintiff's <www.coralgardensongracebay.com> website.

52.    The USPTO issued the Notice of Acceptance and Acknowledgement under Sections 8 and 15 on December 31, 2013. In the Notice of Acceptance and Acknowledgement under Sections 8 and 15, the Post Registration staff indicated that the submitted website specimen supported both Class 036 and 043 in the Registration.

53.    Since that time, Strata has used, continues to use, and still has no intentions to discontinue its use of the CORAL GARDENS Mark in commerce in connection with real estate management of condominium complexes and with providing temporary lodging services in the nature of a condominium hotel complex.

54.    The Management Agreement between Stata and Seagate Management was terminated by Strata on June 30, 2016.

55.    Seagate Management, and its principal Mr. Rahul Lakhani ("Lakhani"), were requested to turn over the <coralgardensongracebay.com> domain name, but refused to do so.

56.    On February 28, 2017, on behalf of Strata, Rayment requested Network Solutions to transfer the <coralgardensongracebay.com> domain name from Seagate Management to Plaintiff. In Rayment's email to Network Solutions, he noted that Lakhani and Seagate Management no longer had any rights in the domain name or the CORAL GARDENS Mark. Rayment provided Network Solutions with the Management Agreement as a part of his request to transfer the domain. In response thereto, Network Solutions transferred the <coralgardensongracebay.com> domain to Rayment on behalf of the Strata.

## THE TTAB ACTION AND DECISION

57.    On June 11, 2014, in an effort to thwart Strata's *in rem* domain name action in Illinois, Defendant Reef Residences filed a Petition to Cancel the U.S. Registration ("Cancellation Proceeding") with the TTAB. See *Petition for Cancellation* attached hereto as **Exhibit C**.

58.     The Registration is incontestable under 15 U.S.C. § 1065, and as such, fraud and abandonment were the only two grounds pleaded for cancellation in the Cancellation Proceeding.

59.     On September 14, 2018, following briefing, the TTAB granted Reef Residences' Petition to Cancel Strata's U.S. Registration finding abandonment because there was allegedly "no evidence of [Strata's] use of the mark for the first five years after it received its U.S. Registration." See *Final Decision of TTAB* attached as **Exhibit D**.

60.     Strata timely filed a Motion for Reconsideration on October 15, 2018, which was denied on August 13, 2019. See *Order on Request for Reconsideration* attached as **Exhibit E**.

61.     In finding that Strata abandoned the CORAL GARDENS Mark, the TTAB erred in failing to consider Strata's use and licensing of the mark to Seagate Management.

62.     The TTAB erred in its decision, in part, because it improperly considered statements made by Lakhani after Seagate Management was terminated by Strata.

63.     The statements made by Lakhani and considered by the TTAB were made in a declaration filed by Defendant after his termination by Strata and are entirely contrary to Lakhani's statements made in his earlier deposition testimony.

64.     In finding that Strata had no rights in the CORAL GARDENS Mark, the TTAB's erred because Strata's rights are incontestable.

65.     The Management Agreement between Strata and Seagate Management contains an express or implied license to Seagate Management to use the Coral Gardens Mark for Strata's benefit during the term of the Management Agreement.

66.     At all times during the term of the Management Agreement, the conduct of Strata and Seagate Management indicate that Seagate Management was using the CORAL GARDENS Mark under a license or implied license.

67.     The TTAB's decision to cancel Strata's U.S. Registration was made in error, as the TTAB improperly shifted the burden to Strata to prove use of the CORAL GARDENS Mark and failed to consider Strata's intent to use the CORAL GARDENS Mark.

### FIRST CAUSE OF ACTION
**Declaratory Judgment of Non-Abandonment Reversing TTAB's Decision on Cancellation**

68.     Strata repeats and realleges each and every allegation of fact above as if set forth herein.

69.     Strata has at all times relevant used and/or licensed others to use the CORAL GARDENS Mark in U.S. Commerce for the services set forth in the U.S. Registration.

70.     The TTAB's decision to cancel Strata's U.S. Registration was made in error, as Strata has not abandoned the CORAL GARDENS Mark.

### SECOND CAUSE OF ACTION
**Federal Trademark Infringement**

71.     Strata repeats and realleges each and every allegation of fact above as if set forth herein.

72.     Strata, as the owner of the CORAL GARDENS Mark, has spent considerable time and money in promoting the CORAL GARDENS Mark and services offered under the CORAL GARDENS Mark.

73.     Without Strata's consent, Defendant is using the CORAL GARDEN Mark on the Infringing Domain, which is confusingly similar to Strata's use of the CORAL GARDENS Mark in connection with the same services as those recited in Strata's U.S. Registration.

74.     Such use by Defendant is likely to cause confusion between prospective purchasers of Strata and Defendant's services in violation of 15 U.S.C. § 1114 and is likely to deceive consumers into thinking that Defendant's Infringing Domain is somehow sponsored, affiliated with, or otherwise approved of by Strata.

75.     As a direct and proximate result of Defendant's conduct, Strata has suffered damage to its goodwill and reputation as symbolized by its valuable CORAL GARDENS Mark, and other damages in an amount to be proved at trial including Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     reversing the Order of the Trademark Trial and Appeal Board, dated September 14, 2018, cancelling Stata's U.S. Registration;

2.     declaring that Strata has not abandoned its trademark rights in the U.S. Registration;

3.     enter preliminary and permanent injunctions restraining and enjoining Defendant and its parents, subsidiaries, officers, directors, employees, agents, licensees, and franchises, and all persons acting in participation or concert with Defendant:

> a.     from using in commerce the CORAL GARDENS Mark or any other name or trademark confusingly similar to the CORAL GARDENS Mark, or any copy or colorable imitation thereof, in connection with the sale, advertising, or other promotion of any goods or services;

> b.     from using the CORAL GARDENS Mark or any other word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading deception of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Defendant, or as to the origin, sponsorship, or approval of Defendant's activities by Plaintiff;

4.     that Plaintiff recover any damages sustained and the costs of this action, pursuant

to 15 U.S.C. § 1117(a);

    5.    that Plaintiff recover Defendant's profits resulting from its acts of infringement in order to redress Defendant's unjust enrichment and to deter its infringement of the CORAL GARDENS Mark;

    6.    that Plaintiff recover its attorney's fees pursuant to 15 U.S.C. § 1117(a); and

    7.    all other relief that this Court deems just and proper.

October 14, 2019          Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
E: craig.reilly@ccreillylaw.com
*Counsel for Plaintiff*

Shawn M. Dellegar, OBA # 20973
Crowe & Dunlevy, P.C.
321 South Boston Avenue, Sutie 500
Tulsa, Oklahoma 74103
T: (918) 592-9800
E: shawn.dellegar@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice Pending)*

Tynia A. Watson, OBA # 30765
Crowe & Dunlevy, P.C.
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
T: (405) 235-7500
E: tynia.watson@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice Pending)*

## VERIFICATION

I, Brian J. Rayment, Esq., have reviewed the factual allegations of this Verified Complaint and verify that the statements contained therein are true and correct to the best of my knowledge and belief.

Name: Brian J. Rayment

Title: Strata 36 Executive Committee

Subscribed and sworn before me this 14th day of October, 2019

Notary Public

My Commission Expires: 4-12-2021

Notary Public
State of Oklahoma
K. DONNELL
ROGERS COUNTY
COMMISSION #17003568
Comm. Exp. 04-12-2021

[SEAL]